Slip Op. 20-145

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NEXTEEL CO., LTD., <br><br> Plaintiff, <br><br> and <br><br> SEAH STEEL CORPORATION, <br><br> Consolidated Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STATES STEEL CORPORATION, ET AL., <br><br> Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Consol. Court No. 18-00083 |

OPINION AND ORDER

[Sustaining the U.S. Department of Commerce's remand redetermination following the 2015–2016 administrative review of the antidumping duty order on oil country tubular goods from the Republic of Korea.]

Dated: October 16, 2020

J. David Park, Henry D. Almond, Daniel R. Wilson, Leslie C. Bailey, and Kang Woo Lee, Arnold & Porter Kaye Scholer LLP, of Washington, D.C., for Plaintiff NEXTEEL Co., Ltd.

Jeffrey M. Winton and Amrietha Nellan, Winton & Chapman PLLC, of Washington, D.C., for Consolidated Plaintiff SeAH Steel Corporation.

Hardeep K. Josan, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia

Consol. Court No. 18-00083                                                                                                       Page 2

Burke, Assistant Director.  Of counsel was Mykhaylo Gryzlov, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

Thomas M. Beline, Myles S. Getlan, and James E. Ransdell, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenor United States Steel Corporation.

Gregory J. Spak, Frank J. Schweitzer, Kristina Zissis, and Matthew W. Solomon, White & Case LLP, of Washington, D.C., for Defendant-Intervenors Maverick Tube Corporation and Tenaris Bay City, Inc.

   Choe-Groves, Judge:  This action arises out of the final results of the second administrative review of the antidumping duty order on oil country tubular goods from the Republic of Korea ("Korea") conducted by the Department of Commerce ("Commerce"), covering the period from September 1, 2015 to August 31, 2016.  See Certain Oil Country Tubular Goods From the Republic of Korea, 83 Fed. Reg. 17,146 (Dep't Commerce Apr. 18, 2018) (final results of antidumping duty administrative review; 2015–2016).  Before the court are Commerce's Final Results of Redetermination Pursuant to Court Remand, Aug. 3, 2020, ECF No. 96-1 ("Second Remand Redetermination"), which the court ordered in NEXTEEL Co., Ltd. v. United States, 44 CIT ___, Slip Op. 20-69 (May 18, 2020) ("NEXTEEL II"), and Unopposed, Partial Consent Motion for Entry of Judgment, Aug. 28, 2020, ECF No. 98 ("Consent Motion").  For the reasons discussed below, the court sustains the Second Remand Redetermination and grants the Consent Motion.

## BACKGROUND

   The court presumes familiarity with the facts and procedural history of this action. NEXTEEL Co., Ltd. v. United States, 43 CIT __, __, 392 F. Supp. 3d 1276, 1283–84 (2019) ("NEXTEEL I"), and NEXTEEL II, 44 CIT at __, slip op. at *2–5.

In NEXTEEL I, the court remanded to Commerce for reconsideration of numerous issues, including Commerce's application of total facts available to Plaintiff NEXTEEL Co., Ltd. ("NEXTEEL"), Commerce's particular market situation analysis, Commerce's classification of proprietary products of Consolidated Plaintiff SeAH Steel Corporation ("SeAH"), and Commerce's decision to deduct SeAH's general and administrative expenses. NEXTEEL I, 43 CIT at __, 392 F. Supp. 3d at 1297. Following the first remand by the court, Commerce filed its remand results under protest. Final Results of Redetermination Pursuant to Court Remand, Nov. 5, 2019, ECF No. 81-1. Commerce continued to find that a particular market situation existed in Korea. Id. at 18.

In NEXTEEL II, the court remanded to Commerce for a second time for reconsideration of Commerce's particular market situation determination. NEXTEEL II, 44 CIT at __, slip op. at *21. Commerce filed its Second Remand Redetermination under protest, reversed its particular market situation determination, and recalculated the margins of NEXTEEL and SeAH without a particular market situation adjustment. Second Remand Redetermination at 3. Commerce recalculated the weighted-average dumping margins, which changed from 5.41% to 3.40% for SeAH, from 46.71% to 18.29% for NEXTEEL, and from 26.06% to 10.85% for the non-examined companies. Id. at 5.

Defendant-Intervenor United States Steel Corporation filed a motion requesting that the court sustain the Second Remand Redetermination. Consent Motion. No party opposed the Consent Motion. No party filed comments opposing the Second Remand Redetermination.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c). The court will hold unlawful any determination, finding, or conclusion found to be unsupported by substantial evidence on the record, or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i). The results of a redetermination pursuant to court remand are reviewed also for compliance with the court's remand order. See ABB Inc. v. United States, 42 CIT __, __, 335 F. Supp. 3d 1206, 1211 (2018).

## DISCUSSION

Commerce's Second Remand Redetermination is consistent with the court's prior opinions and orders in NEXTEEL I and NEXTEEL II. Commerce has, under respectful protest, reversed its particular market situation determination and recalculated the margins of NEXTEEL and SeAH without a particular market situation adjustment. Second Remand Redetermination at 3. The weighted-average dumping margins changed from 5.41% to 3.40% for SeAH, from 46.71% to 18.29% for NEXTEEL, and from 26.06% to 10.85% for the non-examined companies. Id. at 5. Because the court concludes that the Second Remand Redetermination is in accordance with the law and complies with the court's remand order, the court sustains the Second Remand Redetermination.

## CONCLUSION

The court sustains the Second Remand Redetermination. Accordingly, it is hereby

**ORDERED** that the Consent Motion, ECF No. 98, is GRANTED; and it is further

Consol. Court No. 18-00083                                                                                             Page 5

      **ORDERED** that the remaining deadlines and opportunities for comments in opposition and in support of the Second Remand Redetermination, as specified in Slip Op. 20-69, ECF No. 95, are hereby stricken.

      Judgment will be entered accordingly.

                                                              /s/ Jennifer Choe-Groves
                                                           Jennifer Choe-Groves, Judge

Dated:     October 16, 2020
             New York, New York